**FATJO v. BOULET TRANSPORTATION CO. ET AL.**

——

(December 16, 1929. Opinion and Decree.)

——

Brittingham & Tycer and Robert O'Connor, of New Orleans, attorneys for plaintiff, appellee and appellant.

Frank T. Doyle, of New Orleans, attorney for O. M. Gwin, defendant, appellant.

A. R. Christovich, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit for personal injuries against the defendants in solido. Both defendants denied liability and pleaded contributory negligence. There was judgment in favor of plaintiff against O. M. Gwin, one of the defendants, for the sum of $1,000 with legal interest from judicial demand, and dismissing plaintiff's suit against the other defendant, Boulet Transportation Company, Inc. From this judgment plaintiff has appealed.

Plaintiff has compromised and settled the judgment in so far as the defendant O. M. Gwin is concerned for $750 cash,

reserving his rights against the other defendant herein.

The record shows that on October 28, 1927, at about 5 p. m., plaintiff was walking on the uptown sidewalk of Common street between Baronne and Carondelet streets in this city. The Canal Bank Building was under construction, and the sidewalk was being paved by the defendant Gwin, who had constructed a platform of boards across the pavement from the property line and extending into the street some 10 or 12 inches. This platform was used by pedestrians who traversed the sidewalk. The boards of which the platform was built were very substantial but were loosely laid together. While plaintiff was walking across the platform, a truck owned by the defendant Boulet Transportation Company, Inc., and being driven by its negro chauffeur on Common street in the direction of Baronne street, struck the platform with the left rear hub cap of the trailer which the truck was pulling. This caused the boards to be raised up and separated, with the result that plaintiff was precipitated to the sidewalk, and this caused him to receive the injuries of which he complains.

The downtown or south side of Common street was in process of being repaved and was not open to traffic. This condition of the street forced the driver of the truck to go to his extreme left-hand side, in the same manner as other traffic moving on Common street had done. The front part of the truck passed the platform, but the rear left hub cap of the trailer struck the platform as above stated.

The district judge held that the negligence of the defendant Gwin in building the platform so as to extend some 10 or 12 inches over the curbing into the street was the sole and proximate cause of the accident.

As the case has been fully compromised and settled in so far as Gwin is concerned, it is before us solely on the question as to whether or not the defendant Boulet Transportation Company, Inc., was at fault.

The plaintiff seeks to hold this company liable on the ground that the negro driver of its truck should have seen the protruding planks and driven further to his right so as to have avoided striking them, and that the driver of the truck was running at an excessive rate of speed at the time of the accident. The record shows that a special policeman was directing traffic at Common street near the scene of the accident. We are satisfied that the truck was being operated at a moderate rate of speed.

This leaves only the question of whether or not the driver, as a prudent person, should have seen the protruding boards of the platform. The evidence shows that there was a lot of débris around the Canal Bank Building at the time of its construction, some of which was on the left-hand or uptown side of Common street near the platform in question tending to obscure the protruding boards. It is admitted that Common street is 26 feet, 6 inches wide; therefore, one-half of it would be 13 feet, 3 inches. The district judge in passing upon this phase of the case said:

"This negro driver, on that street, one-half of which was torn up and being paved, on the half that was remaining, was necessarily required to drive close to his left-hand curb, in order to avoid any injury to the work going on or the men working on the paving on the lower side of Common street.

"The projection of the planking ten or twelve inches from the curb was such an unusual, unheard of and unforeseeable thing, that no duty was imposed on this negro to look out for projecting planks.

"He was in charge of a large five ton truck and his first and foremost duty was

to watch the traffic proceeding and to avoid any injury to that, and he had no more reason to believe those planks were protruding there than he had to believe a bomb was placed ten inches from the curb of the gutter and he had to watch for that bomb.

"The fact that he did not see those planks does not constitute fault. I, therefore, acquit the Boulet Transportation Company in the case."

As this case involves solely a question of fact, and the trial court having resolved the issue in favor of the defendant Boulet Transportation Company, Inc., and there being no manifest error, the judgment is affirmed.